# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Shavers-Whittle Construction, LLC ) ASBCA No. 60025
)
Under Contract No. 000000-00-0-0000 )

APPEARANCE FOR THE APPELLANT: Richard B. Ehret, Esq.
  Boykin & Utley
  New Orleans, LA

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
J. Emmanuel I. Santa Teresa, Esq.
David R. Dyer, Esq.
Stephan C. Roth, Esq.
William G. Meiners, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, New Orleans

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

Appellant, Shavers-Whittle Construction, LLC, requests that the Board "void" certain government contracts, and claims entitlement to payment for work that it performed as a subcontractor on those contracts. The government requests that the Board dismiss the appeal for lack of jurisdiction. We grant the motion.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 29 July 2008, the U.S. Army Corps of Engineers (government) awarded Contract No. W912P8-08-D-0047, a section 8(a) Multiple Award Task Order Contract (MATOC), to DQSI Corporation (R4, tab 3). On 30 September 2010, the government awarded Task Orders 9 and 10 under Contract No. W912P8-08-D-0047 (R4, tabs 4, 5). Task Order 9 was awarded to "DQSI, LLC" (R4, tab 4), and Task Order 10 was awarded to DQSI Corporation (R4, tab 5). In general, the task orders were for work on hurricane storm damage risk protection systems in New Orleans, Louisiana (R4, tab 4 at 1, tab 5 at 2-11).

In October 2010, DQSI, LLC, subcontracted with appellant for appellant to perform work required by Task Orders 9 and 10 (R4, tab 8 at 1). On 24 October 2013, appellant wrote to the contracting officer informing her that DQSI, LLC, owed appellant $499,753.60 under those task orders (app. supp. R4, tab 10). The letter did not demand that the government pay appellant, or state any particular dollar amount that the government would pay (*id.*). Nor was it accompanied by the certification required by the Contract Disputes Act (CDA), 41 U.S.C. § 7103(b)(1), for monetary claims of more than $100,000 (*id.*). Rather, the purpose of the letter appears to have been to ask the government to prevent DSQI, LLC, from assessing liquidated damages against appellant (*id.* at 2).

On 26 March 2015, appellant's counsel wrote to the government's contracting officer asserting that appellant and DQSI, LLC, were in litigation involving "division of the remaining contract dollars" (R4, tab 6). The letter also asserted that DQSI, LLC, had obtained its prime contract by fraud (because, according to the letter, DQSI, LLC, was not a certified 8(a) contractor and, therefore, had not been qualified to have been awarded the contract) (*id.*). The letter further stated that "under [Federal Acquisition Regulation (FAR)] 49.108.8 [sic], the Corps has the authority to terminate the prime contract, which is probably void *ab initio,* and settle with the subcontractors which for these Task Orders is only [appellant]" (*id.*). However, like the 24 October 2013 letter, the 26 March 2015 letter did not demand that the government pay appellant any money, or state any particular payment amount; nor did it include the certification required for monetary claims over $100,000 (*id.*).

In a 20 April 2015 letter to appellant, the contracting officer stated that "the contract project has been physically completed," and that "[t]o terminate at this time is not in the Government's best interest" (R4, tab 7). The contracting officer encouraged appellant "to continue to pursue your remedies through the Federal and State Courts enforcing the terms and conditions of your subcontracts" (*id.*). Appellant filed this appeal on 1 June 2015, requesting "the voiding of the…contract and payment of all monies due" (R4, tab 2 at 5, ¶ 21).[1] The government moved for dismissal for lack of jurisdiction, and the Board held an evidentiary hearing on the issue of jurisdiction.

---

[1] Although appellant's notice of appeal requests "the voiding of the…contract" (R4, tab 2 at 5, ¶ 21), appellant's brief in response to the motion to dismiss refers to termination of the task orders (app. br. at 5). For simplicity, we interpret appellant's appeal to request the "voiding," or termination, of Contract No. W912P8-08-D-0047, Task Order 9, and Task Order 10.

DECISION

We grant the government's motion and dismiss the appeal for lack of jurisdiction.[2] For the Board to exercise jurisdiction over an appeal under the CDA, the appeal must be filed by a contractor, *SKE Technical Services GmbH*, ASBCA No. 59711, 15-1 BCA ¶ 35,941 at 175,662; that is, a non-governmental party to a government contract. *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1371 (Fed. Cir. 2009); 41 U.S.C. §§ 7101(7), 7104(a). Appellant admits that it did not have a contract with the government (tr. 1/14), and invokes no recognized exception to the general rule, *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1551 (Fed. Cir. 1983), that a subcontractor cannot bring a direct appeal against the government. Rather, appellant contends that provisions such as FAR 49.108-8(b), which allows the government "to settle and pay any settlement proposal arising out of the termination of subcontracts," imply a contract in law between appellant and the government (app. br. at 6-7). However, whatever authority the government may have to settle directly with appellant, the Board does not possess jurisdiction to entertain any implied-in-law contract claims that appellant might be asserting in this appeal. *ASFA Construction Industry and Trade, Inc.*, ASBCA No. 57269, 15-1 BCA ¶ 36,034 at 176,005.

The Board, also, does not possess jurisdiction to order injunctive relief such as appellant's request for the "voiding," or termination, of contracts. *See CDM Constructors, Inc.*, ASBCA No. 59524, 15-1 BCA ¶ 36,097 at 176,240. In addition, for the Board to possess jurisdiction to entertain appellant's request for the payment of money, appellant must first have presented a monetary claim to the contracting officer in a sum certain. *Al Bahar Co.*, ASBCA No. 58416, 14-1 BCA ¶ 35,691 at 174,689 (citing 41 U.S.C. § 7103). As appellant concedes (app. br. at 5), its 26 March 2015 letter to the contracting officer, which appellant contends is its claim, "does not seek a sum certain." Even considering the 24 October 2013 letter as part of appellant's claim, and the reference to $499,753.60 in that letter as a request for payment of that amount, appellant never provided a CDA certification of that amount, which is a prerequisite for Board jurisdiction to entertain a claim for more than $100,000. *GSC Construction, Inc.*, ASBCA No. 59401, 15-1 BCA ¶ 35,887 at 175,445. For these reasons, we do not possess jurisdiction to entertain any monetary claim that appellant presents in this appeal.

---

[2] We find it unnecessary to decide whether, as the parties address, DSQI Corporation and DSQI, LLC, are the same entity.

3

## CONCLUSION

For these reasons, the appeal is dismissed for lack of jurisdiction.

Dated: 9 February 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60025, Appeal of Shavers-Whittle Construction, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4